**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-721C
Filed November 2, 2018
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| DANNY CAESAR, | ) | |
| | ) | |
| Plaintiff, | ) | *Pro se*; RCFC 12(b)(1); Subject-Matter |
| | ) | Jurisdiction; RCFC 12(b)(6); Failure to |
| v. | ) | State a Claim; *In Forma Pauperis*; *Res* |
| | ) | *Judicata*; Breach of Contract; Tort. |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*Danny Caesar*, Soledad, CA, plaintiff *pro se*.

*David R. Pehlke*, Trial Attorney, *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

**I.   INTRODUCTION**

Plaintiff *pro se*, Danny Caesar, brings this action against the United States seeking compensation for alleged lost employment opportunities, incarceration, pain and suffering, and the breach of his enlistment contract, resulting from a frostbite injury to the feet that plaintiff sustained while serving in the United States Army ( the "Army"). *See generally* Compl. As relief, plaintiff seeks to recover $ 30 million in monetary damages from the government. *Id.* at 3. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. For the reasons discussed below, the Court: (1) **GRANTS** the government's motion to dismiss;

7017 1450 0000 1346 2342

(2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Danny Caesar, is currently incarcerated in the Salinas Valley State Prison located in Soledad, California. *See* Compl. at 2. Plaintiff filed the complaint and a motion to proceed *in forma pauperis* in this matter on May 21, 2018. *See generally* Compl.; Pl. Mot. to Proceed *In Forma Pauperis*.

#### 1. Plaintiff's Claims

Plaintiff's handwritten complaint is difficult to follow. But, plaintiff appears to allege that the Army breached an enlistment contract that plaintiff entered into when he "voluntarily enlisted into the United States Army," by failing to compensate him after he suffered frostbite in the feet while serving in the military. Compl. at 2. Specifically, plaintiff alleges that he "had great concern of the prognosis of [his] feet condition" after suffering from frostbite, but, "the Army told [him] there was nothing to worry [about]." *Id.* Plaintiff also maintains that once he re-entered civilian life, he "almost immediately started experiencing dreadful repercussions," including feeling "like swords were being driven up through the bottom of [his] feet, from walking all day long on the job at the Boeing Company on concrete floors" and experiencing nightmares. *Id.*

In addition, plaintiff maintains that he has been unable to sustain employment, leading to his homelessness and incarceration, as "a direct result of the Army's misinformation." *Id.* As relief, plaintiff seeks to recover $30 million in monetary damages from the United States. *Id.* at 3.

In his response and opposition to the government's motion to dismiss, plaintiff also appears to raise an additional claim for back pay related to an unidentified decision by the Army Board for the Correction of Military Records (the "ABCMR"). *See generally* Pl. Resp. In this

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."), the government's motion to dismiss ("Def. Mot.") and the exhibits attached thereto ("Def. Ex."); plaintiff's response thereto ("Pl. Resp."); and the government's reply in support of its motion to dismiss ("Def. Reply"). Unless otherwise noted herein, the facts recited are undisputed..

regard, plaintiff alleges that this claim "is premised upon [his] Constitutional Right to Due Process of law: in this case, the decision handed down by the Army Board for the Correction of Military Records, which claim far exceeds back pay of $10,000.00." *Id.* at 1.

### 2.     Plaintiff's Prior District Court Litigation

Prior to commencing this action, plaintiff brought a civil action against the United States in the United States District Court for the Eastern District of California alleging that the Army and the ABCMR violated his due process and equal protection rights under the Fourteenth Amendment to the United States Constitution and violated his enlistment contract. *See Caesar v. United States Army*, No. 1:16-cv-00201-LJO-BAM, 2016 WL 8997392, at *1 (E.D. Cal. July 28, 2016). In that case, plaintiff sought monetary relief for alleged due process and equal protection violations related to his frostbite injury and for a violation of his enlistment contract. *Id.*

On July 28, 2016, the district court dismissed plaintiff's case upon the ground that plaintiff failed to state a claim upon which relief can be granted. *Id.* at *2. Specifically, the district court held that plaintiff's tort and constitutional law claims related to his frostbite injury were barred because members of the armed services cannot sue the government for injuries that arise out of, or in the course of, activity incident to service. *Id.* at *1. The district court also held that, to the extent that plaintiff attempted to raise a breach of contract claim based upon his enlistment contract, money damages were not an available remedy. *Id.* at *2. Plaintiff appealed the district court's dismissal decision, and the United States Court of Appeals for the Ninth Circuit affirmed the decision of the district court on March 20, 2017. *See Caesar v. United States Army*, 683 F. App'x 635, 635 (9th Cir. 2017).[2]

---

[2] The Ninth Circuit held that the district court properly dismissed plaintiff's federal claims because members of the armed forces may not file suit against the government for injuries incurred during military service and the district court properly dismissed plaintiff's breach of contract claim because money damages are not an available remedy for the government's breach of an enlistment contract. *Caesar v. United States Army*, 683 F. App'x 635, 635 (9th Cir. 2017). Plaintiff appears to allege in the complaint that the district court erred in dismissing his case because the district court should have transferred the case to the United States Court of Federal Claims pursuant to *Burkins v. United States*, 112 F.3d. 444 (10th Cir. 1997). Compl. at 1.

### B. Procedural History

Plaintiff commenced this action on May 21, 2018. *See generally* Compl. On May 21, 2018, plaintiff filed a motion to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

On July 20, 2018, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot. On August 16, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On August 30, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

These matters having been fully briefed, the Court resolves the pending motions.

### III. LEGAL STANDARDS

#### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).

While "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *Colbert v. United States*,

617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.  RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (alterations original). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes

if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

Specifically relevant to this matter, the Federal Circuit has recognized that "[g]overning precedents have long established a broad general rule that rights to military pay benefits are established only by statutes and regulations, not by enlistment contracts enforceable through damages remedies." *Prestidge v. United States*, 611 F. App'x 979, 982 (Fed. Cir. 2015). The Federal Circuit has also held that military health care benefits as a form of compensation are exclusively a creature of statute, not contract. *Schism v. United States*, 316 F.3d 1259, 1268-76 (Fed. Cir. 2002) (en banc).

It is also well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."). In addition, this Court has long held that simply citing to a provision of the United States Constitution is not enough to establish this Court's jurisdiction over claims based upon that provision. *See Calhoun v. United States*, 32 Fed. Cl. 400, 405 (1994), *aff'd*, 61 F.3d 918 (Fed. Cir. 1995) (stating "not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court"); *see also Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling. . . .").

### C.   RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64, 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### D.     Res Judicata And Claim Preclusion

Lastly, the Federal Circuit has recognized that "[t]he doctrine of res judicata involves the related concepts of claim preclusion and issue preclusion." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). Claim preclusion prevents a party from relitigating the same claims that were or could have been raised in a prior action and serves the public interest by reducing the number of lawsuits, conserving judicial resources, and preventing inconsistent decisions. *Goad v. United States*, 46 Fed. Cl. 395, 397 (2000) (citations omitted). Specifically, claim preclusion bars a claim where: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (internal quotation marks omitted) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)); *see also Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citations omitted) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

This Court has recognized that dismissals for failure to state a claim upon which relief can be granted are judgments on the merits, and, thus, entitled to the res judicata effect. *Goad*, 46 Fed. Cl. at 397 (citations omitted); *see also Federated Dep't Stores, Inc.*, 452 U.S. at 399, n.3 ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). But, "[d]ismissals for lack of jurisdiction do not reach the merits of a claim and therefore are [typically] without prejudice to a plaintiff filing a new suit in a court with proper jurisdiction to address the merits." *Goad*, 46 Fed. Cl. at 398 (citation omitted); *see also Richmond, Fredericksburg and Potomac R.R. Co. v. United States*, 27 Fed. Cl. 275, 286

(1992) (citation omitted) ("A dismissal for lack of subject matter jurisdiction, however, typically signifies a dismissal without prejudice"). Dismissals for lack of jurisdiction may, however, be given res judicata effect as to the jurisdictional issue. *Goad*, 46 Fed. Cl. at 398 (citations omitted); *see also Watson v. United States*, 349 F. App'x 542, 544 (Fed. Cir. 2009) (citations omitted) ("A dismissal for lack of jurisdiction triggers the application of the doctrine of res judicata as to the jurisdictional issue.").

## IV. LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the grounds that: (1) plaintiff's claims are barred by the doctrine of res judicata; (2) the Court cannot consider plaintiff's tort claim; and (3) plaintiff cannot receive money damages for the alleged breach of his enlistment contract. *See* Def. Mot. at 3-6. In addition, the government argues that dismissal of this case is warranted because plaintiff improperly and belatedly seeks to assert a claim based upon an alleged decision by the ABCMR regarding his military records. Def. Reply at 1.

Plaintiff counters that the Court possesses subject-matter jurisdiction to consider his claims because the Army violated his constitutional rights to due process and equal protection, as well as other civil rights protections. *See* Pl. Resp. at 2. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.

For the reasons discussed below, the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiffs' claims. Plaintiff has, however, shown that he satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint. RCFC 12(b)(1).

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

#### 1. Plaintiff's Claims Are Barred By Claim Preclusion

As an initial matter, plaintiff's claims that the Army breached his enlistment contract and violated his constitutional rights are barred by the doctrine of res judicata. The Federal Circuit has recognized that "[t]he doctrine of res judicata involves the related concepts of claim

8

preclusion and issue preclusion." *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008). Specifically relevant here, claim preclusion bars a second claim where: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Cunningham v. United States*, 748 F.3d 1172, 1179 (Fed. Cir. 2014) (internal quotation marks omitted)(quoting *Ammex, Inc. v. United States*, 334 F.3d 102, 1055 (Fed.Cir.2003)). And so, claim preclusion prevents plaintiff from relitigating the same claims that were, or could have been, raised in a prior action. *Goad v. United States*, 46 Fed. Cl. 395, 397 (2000) (citations omitted).

A careful review of plaintiff's complaint in this case shows that claim preclusion bars plaintiff's breach of contract and constitutional law claims. First, plaintiff acknowledges that he previously filed a civil action alleging that the Army breached his enlistment contract and violated his constitutional equal protection and due process rights in the United States District Court for the Eastern District of California on February 12, 2016. *See* Pl. Resp. at 1; *Caesar v. United States Army*, No. 1:16-cv-00201-LJO-BAM, 2016 WL 8997392, at *1 (E.D. Cal. July 28, 2016). It is also without dispute that the parties to the district court case, plaintiff and the United States Government, are identical to the parties in this action. *Cunningham*, 748 F.3d at 1179 (explaining that claim preclusion under the doctrine of res judicata bars a claim where the parties are identical or in privity).

There can also be no genuine dispute that the district court entered final judgment and resolved plaintiff's prior litigation on the merits. *Id.* (Explaining that claim preclusion bars a second claim when . . . the first suit proceeded to a final judgment on the merits). On July 28, 2016, the district court dismissed plaintiff's district court litigation upon the ground that plaintiff failed to state a claim upon which relief can be granted. *Caesar*, 2016 WL 8997392, at *2. In doing so, the district court held, among other things, that: (1) plaintiff's tort and constitutional law claims related to his frostbite injury were barred because members of the armed services cannot sue the government for injuries that arise out of activity incident to service and (2) to the extent that plaintiff attempted to raise a breach of contract claim based upon his enlistment contract, money damages were not an available remedy. *Id.*

This Court has long recognized that dismissals for failure to state a claim upon which relief can be granted are entitled to the res judicata effect because they are judgments on the merits of a claim. *Goad*, 46 Fed. Cl. at 397. And so, plaintiff's district court litigation satisfies the second criteria for applying claim preclusion because the district court reached the merits of plaintiff's claims.

Plaintiff's district court litigation and this action are also based upon the same set of transactional facts. *Cunningham*, 748 F.3d at 1179. A reading of the complaint makes clear that plaintiff's breach of contract and constitutional law claims in this case are based upon facts related to his frostbite injury during military service. Compl. at 2. Plaintiff alleged essentially identical transactional facts related to this injury in the district court litigation. *See Caesar*, 2016 WL 8997392, at *1. Given this, there can be no genuine dispute that plaintiff's prior district court litigation and this case are based upon the same set of transactional facts.

Because plaintiff's breach of contract and constitutional law claims in this case and his district court litigation involve identical parties, the district court litigation proceeded to a final judgment on the merits, and the two cases are based upon the same set of transactional facts, plaintiff's breach of contract and constitutional law claims are barred by claim preclusion. And so, the Court must dismiss these claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2. Plaintiff Has Not Established A Contract That Would Entitle Him To Recover Monetary Damages If Breached

Dismissal of plaintiff's breach of contract claim is also warranted because plaintiff fails to show that a breach of his enlistment contract would entitle him to recover monetary damages. *See Prestidge v. United States*, 611 Fed.Appx. 979, 982 (2015)(A claim for money damages from a breach of contract within the jurisdiction of the Tucker Act "must identify a separate source of substantive law that creates a right to money damages."); *see also* 28 U.S.C. § 1491(a)(1). In the complaint, plaintiff alleges that the Army breached his enlistment contract by failing to justly compensate him for incurring an injury while serving in the military. Compl. at 2. But, it is well-established that "[c]ommon law rules governing private contracts have no place in the area of military pay." *See Prestige*, 611 Fed. Appx. at 982; *see also Bell v. United States*, 366 U.S. 393, 401 (1961). And so, plaintiff cannot rely upon his enlistment contract to establish a right to recover monetary damages. *See Prestidge*, 611 Fed.Appx at 982 ( Explaining the rights

10

to military pay and benefits are established by statutes and regulations, not by enlistment contracts).

Because a breach of plaintiff's enlistment contract would not entitle him to recover monetary damages from the government, the Court does not possess subject-matter jurisdiction to consider plaintiff's claim. *See Driessen*, 116 Fed.Cl. at 41. And so, the Court must also dismiss plaintiff's breach of contract claim for this independent reason.

### 3. The Court May Not Consider Plaintiff's Tort Claim

Dismissal of plaintiff's tort claim is also warranted because the Court does not possess subject-matter jurisdiction to consider this claim. In the complaint, plaintiff alleges that the Army caused him pain and suffering, job loss, and incarceration by failing to provide treatment for his frostbitten feet injury *See* Compl. at 2. Plaintiff's claim plainly sounds in tort.

It is well-established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims . . . from the jurisdiction of the United States Court of Federal Claims."). And so, the Court must also dismiss plaintiff's tort claim for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 4. Plaintiff's Belated Military Pay Claim Is Jurisdictionally Precluded

Lastly, to the extent that plaintiff alleges a back pay claim based upon a decision by the ABCMR, the Court must also dismiss this claim because plaintiff fails to establish jurisdiction or to allege a plausible claim.[3] In his response and opposition to the government's motion to dismiss, plaintiff raises for the first time a claim for back pay related to an unidentified decision by the Army Board for the Correction of Military Records. *See generally* Pl. Resp. Specifically,

---

[3] The Court has held that it is generally improper to raise a new claim in response to a motion to dismiss. *Driessen v. United States*, 116 Fed. Cl. 33, 38 (2014). But, *pro se* plaintiffs are held to less stringent standards in the liberal construction of their pleadings. *Id.*

11

plaintiff alleges that this claim "is premised upon [his] Constitutional Right to Due Process of law: in this case, the decision handed down by the Army Board for the Correction of Military records; which claim far exceeds back pay of $10,000.00." *Id.* at 1. But, plaintiff neither explains the precise nature of this claim nor demonstrates that the Court possesses subject-matter jurisdiction to consider this claim. *See generally id.*

Indeed, while plaintiff states that this claim "is premised upon [his] Constitutional Right to Due Process of law," simply citing to the Due Process Clauses of the United States Constitution is not sufficient to establish the Court's jurisdiction to consider this claim. *See Calhoun v. United States*, 32 Fed. Cl. 400, 405 (1994), *aff'd*, 61 F.3d 918 (Fed. Cir. 1995) (stating "not every claim involving, or invoking, the Constitution necessarily confers jurisdiction on this court"); *see also Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by either party or a court, is not controlling. . . .").

Plaintiff also fails to state a plausible military pay claim in the complaint. *See generally* Compl. As the government correctly argues in its reply brief, the complaint does not contain any allegations about plaintiff's alleged case before the ABCMR seeking the correction of his military records. Def. Reply at 1; *see generally* Compl. In fact, the only information that plaintiff provides about this claim is found in his response to the government's motion to dismiss, which simply states that this claim is based upon "the decision handed down by the Army Board for the Correction of Military Records, which claim far exceeds back pay of $10,000.00." Pl. Resp. at 1.

In addition, plaintiff's reliance upon *Burkins v. United States*, 112 F.3d 444 (10th Cir. 1997), to establish jurisdiction over his military pay claim is misplaced. Def. Reply at 2-3. In *Burkins*, the plaintiff in that case demonstrated that, among other things, he had pursued and successfully secured the correction of his military records in proceedings before the ABCMR. *Burkins*, 112 F.3d at 448. Plaintiff makes no such showing here. *See generally* Pl. Resp.

Given this, plaintiff fails to establish that the Court possesses subject-matter jurisdiction to consider his military pay claim and to assert a plausible claim for relief. And so, the Court also dismisses this final claim pursuant to RCFC 12(b)(1) and (b)(6).

### B. The Court Grants Plaintiff's Motion To Proceed *In Forma Pauperis*

As a final matter, plaintiff has moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize the commencement

12

of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that plaintiff is unable to pay the fees, and a statement of the nature of the action and a belief that plaintiff is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d). When plaintiff is a prisoner, as is the case here, plaintiff must also submit "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

In this case, plaintiff has submitted an application for leave to proceed in this matter *in forma pauperis* and the necessary statements regarding his monthly $107.78 disability payment from the Department of Veteran Affairs; the $500.00 in his checking, savings, or inmate account; and the debt he owes to the Department of Veteran Affairs for a $2,500.00 loan. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. Because of the Court's summary disposition of this case largely upon jurisdictional grounds, and plaintiff's *pro se* status, the Court finds that plaintiff has satisfied the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss. And so, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## V. CONCLUSION

In sum, the most generous reading of plaintiff's complaint makes clear that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims. Given this, the Court must dismiss this action for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Plaintiff has, however, shown that he satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss;
2. **GRANTS** plaintiff's motions to proceed *in forma pauperis*; and
3. **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge